GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     vs.<br><br>Marisela Lizette Leon,<br><br>           Defendant. | CR21-3280-TUC-RCC (LCK)<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby files its Sentencing Memorandum for Defendant Marisela Lizette Leon in the above-referenced case. Sentencing is currently set for January 10, 2023.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

On April 28, 2021, a Barrett .50 BMG caliber rifle was recovered in Sinaloa, Mexico. The defendant, Marisela Lizette Leon (hereinafter "the defendant") had bought this firearm for $8,400 from a licensed firearms dealer in Tucson on November 21, 2020, approximately five months before it was recovered in Mexico. Law enforcement agents interviewed the defendant about this purchase, and she admitted she bought the rifle at the request of another person. According to the defendant, this other person asked her to buy the rifle, gave her cash to purchase it, and paid her $1,000 or $2,000 to do so. She was told to leave the rifle outside her mother-in-law's residence, near a vehicle, and the following day the rifle was gone. She admitted she should have answered "No" when filling out the Form 4473 (the firearms transaction record required by law to be

kept in the records of the firearms dealer) to the question of whether she was the actual purchaser of the firearm. This false statement in connection with the defendant's firearm purchase deceived the firearms dealer into believing that the firearm could lawfully be sold to the defendant.

The defendant also admitted she had sold other firearms because she had fallen on hard times financially. On October 26 and 28, 2020, the defendant purchased two (one each day) FN Scar rifles from licensed firearms dealers in Arizona for $3,200 and $3,400, respectively. Her reported income did not support these purchases, which were made during the same time period she admitted to trafficking firearms because she had fallen on hard times. The defendant had neither FN Scar rifle in her possession when interviewed six months later. In both Forms 4473, she stated she was the actual buyer of the firearms and was not acquiring the firearms on behalf of another individual.

The defendant was charged by Indictment on December 29, 2021, with three counts of Making False Statements in Connection with the Acquisition of Firearms. On August 5, 2022, the defendant pleaded guilty to Count Three of the Indictment, and also agreed not to contest the Forfeiture Allegation of the Indictment, pursuant to a written plea agreement. The government agreed to dismiss Counts One and Two of the Indictment at the time of sentencing. Sentencing is set before this Court for January 10, 2023.

## II.     APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations as set forth in the Final Presentence Investigation Report. (Doc. 40.) The base offense level is 14 pursuant to U.S.S.G. §2K2.1(a)(6)(C). Two levels are added pursuant to §2K2.1(b)(1)(A) because the offense conduct involved three firearms. After a three-level reduction for acceptance of responsibility pursuant to §3E1.1(a) and (b), the final offense level is 13. Together with the defendant's Criminal History Category of I, the advisory sentencing guideline range is 12 to 18 months imprisonment. The government agrees with the Presentence Report that no grounds for departure or variance exist in this case.

### III.     GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant to 12 months imprisonment, the bottom of the advisory guideline range and the sentence also recommended in the Presentence Report.  The government believes this sentence appropriately reflects the severity of the offenses and the individual characteristics of the defendant.

The defendant's offenses in this case are very serious.  She unlawfully purchased multiple high-powered firearms for another individual, and even if she was unaware of their ultimate destination or use, she certainly had reason to suspect they were destined for a nefarious purpose.  Of note, one of the firearms trafficked by the defendant – a .50 caliber rifle – was recovered in Mexico shortly after she purchased it.  The fact that the defendant entered the United States from Mexico one day before she purchased the .50 caliber rifle strongly suggests she was purchasing it for someone in Mexico.  The other two firearms the defendant trafficked have not been recovered, and are capable of causing limitless harm and devastation.  The defendant's criminal actions, committed for her own financial gain, have put the lives of others and the safety of the community in grave danger.

Additionally, although not the subject of charges in this case, the defendant purchased at least eight additional firearms between September 2019 and November 2020. The circumstances surrounding these purchases, the defendant's connections with suspects in another firearms trafficking investigation, and the defendant's statements to agents about the purchases indicates she unlawfully trafficked these firearms as well.  Therefore, the defendant's criminal conduct – and the harm caused by it – likely exceeds that charged in the Indictment and spanned a significant period of time.

While the defendant has no prior criminal history, this is already taken into account by the guideline calculations; but for her Criminal History Category of I, she would be facing a greater sentencing range.  Furthermore, as discussed, her criminal conduct in this case was not a one-time incident, but was ongoing over the course of more than a year and

involved multiple deadly weapons.  For all these reasons, the government submits that a sentence of 12 months, the bottom of the guideline range, is appropriate.

## IV.   CONCLUSION

For the reasons discussed, the government respectfully requests that this Court sentence the defendant to 12 months imprisonment.  The government submits that this sentence is appropriate and no greater than necessary based on the facts and circumstances of the offenses and the individual characteristics of the defendant.

Respectfully submitted this 4th day of January, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 4th day of January, 2023, to:

Scott M. McNamara, Esq.
Attorney for Defendant Marisela Lizette Leon

4